# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WESLEY M. POLLARD, SR.,** | : | |
| Petitioner | : | |
| | : | **CIVIL ACTION NO. 3:17-CV-1165** |
| v. | : | |
| | : | **(Judge Caputo)** |
| **TAMMY FERGUSON,** *et al.,* | : | |
| | : | |
| Respondents | : | |

# M E M O R A N D U M

## I. Introduction

On July 23, 2012, a jury in the Court of Common Pleas of Luzerne County, Pennsylvania, found the *pro se* Petitioner, Wesley M. Pollard, Sr., guilty of failing to provide accurate information pursuant to Pennsylvania's Megan's Law statute.[1] Presently before the Court is Mr. Pollard's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. (ECF No. 1.) He seeks relief on the following grounds: (1) a Double Jeopardy claim as he was sentenced in May 2011 on a parole revocation based on the same facts that led to his 2012 conviction; (2) an Ex Post Facto claim as Megan's Law was not in existence in 1990, thus his lifetime registration requirement under that law is unconstitutional; (3) the statute under which he was convicted was declared unconstitutional; and (4) he improperly received an mandatory minimum sentence. (*Id.*) Respondents argue Mr.

---

[1] The Court takes judicial notice of the docket sheet in Mr. Pollard's criminal case, *See Commonwealth v. Pollard*, CP-40-CR-0003717-2011 (Luzerne Cty. Ct. Com. Pl.), which is available via the Pennsylvania's Judiciary Web Portal at http://ujsportal.pacourts.us/ (last visited June 17, 2019).

Pollard filed his petition after the expiration of the statute of limitations. (ECF No. 16.) Mr. Pollard has filed a reply. (ECF No. 17.)

For the following reasons, the petition for writ of habeas corpus will be dismissed as untimely filed without exception. A certificate of appealability will not be issued.

## II.     Relevant Factual and Procedural Background

In 1990, Mr. Pollard stood charged of various sex offenses in two Luzerne County Court of Common Pleas cases: No. CP-40-MD-0002330-1990 and No. CP-40-CR-0002331-1990.[2] In December 1990, he pled guilty to one count of Involuntary Deviate Sexual Intercourse (IDSI) and two counts of indecent assault. On April 17, 1991, in No. 2330, Mr. Pollard was sentenced to a minimum term of 78 months to a maximum term of 156 months' incarceration. On the same day, in No. 2331, he was sentenced to a ten-year term of special probation to run consecutively to the term of imprisonment imposed in No. 2330. *Pollard v. Luzerne Cty. Adult Probation*, No. 1:11-CV-2195, 2012 WL 4101889, at *1 (M.D. Pa. Sept. 18, 2012).

On more than one occasion Mr. Pollard's parole was revoked because he violated a term of his special probation by failing to report his address. (*Id.* at *1-2.) On June 30, 2003, Mr. Pollard registered as a Megan's Law offender with the Pennsylvania State Police (PSP). *See Commonwealth v. Pollard*, No. 2153 MDA 2014, 2016 WL 380105 (Pa. Super. Jan. 28, 2016) (affirming denial of Mr. Pollard's petition for post-

---

[2] The Court takes judicial notice of the electronic docket sheets in both of these criminal matters which are available via Pennsylvania's Unified Judicial Docket System at: https://ujsportal.pacourts.us (last visited June 17, 2019).

conviction relief). As required, Mr. Pollard supplied the PSP with accurate information, including his address, until August 2011. (*Id.*) After learning Mr. Pollard was not living at his registered address, the PSP arrested him and charged him with failing to provide accurate information in compliance with Megan's Law registration requirements. (*Id.*)

On July 23, 2012, a jury convicted Mr. Pollard of failure to provide accurate information as required by Megan's Law. (ECF No. 16-1 at 3.) On September 20, 2012, he received a sentence of ten to twenty years' imprisonment. (*Id.* at 4.) Petitioner filed a timely notice of appeal. (*Id.* at 5.) Mr. Pollard's appellate counsel filed a petition for leave to withdraw his representation and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The *Anders* brief raised "the sole claim of whether the evidence was sufficient to support [Mr. Pollard's] conviction". *Commonwealth v. Pollard*, No. 2153 MDA 2014, 2016 WL 380105, at *1 (Pa. Super. Jan. 28, 2016). After reviewing the issue raised in the *Anders* brief, the Superior Court of Pennsylvania affirmed Mr. Pollard's judgment of sentence. *See Commonwealth v. Pollard*, No. 1912 MDA 2012 (Pa. Super. May 22, 2013);[3] *see also* ECF No. 16-1 at 19-25. Mr. Pollard did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court.

On May 15, 2014, Mr. Pollard filed a *pro se* petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. § 9545*, et seq.* Mr. Pollard's court appointed counsel filed an amended PCRA Petition. (ECF No. 16-1 at 49.) On November 6, 2014, the PCRA court denied Mr. Pollard's petition. (*Id.*

---

[3] The Court takes judicial notice of the electronic docket sheet in Mr. Pollard's direct appeal which is available via Pennsylvania's Unified Judicial Docket System at: https://ujsportal.pacourts.us (last visited June 17, 2019).

- 3 -

at 54.) On December 8, 2014, Mr. Pollard filed a timely appeal raising one issue: that he was serving an illegal sentence because Megan's Law III was declared unconstitutional. The Superior Court affirmed the denial of his PCRA petition. *Commonwealth v. Pollard*, No. 2153 MDA 2014, 2016 WL 380105 (Pa. Super. Jan. 28, 2016); *see also* ECF No. 16-1 at 81-88. The Supreme Court of Pennsylvania denied Mr. Pollard's Petition for Allowance of Appeal on August 30, 2016. *Commonwealth v. Pollard*, 636 Pa. 674, 145 A.3d 725 (Table) (Aug. 30, 2016); *see also* ECF No. 16-1 at 90.

On April 24, 2017, pursuant to the mailbox rule,[4] Mr. Pollard's filed his petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. (ECF No. 1.) As the conviction Mr. Pollard challenges occurred in this district, the matter was transferred to this Court. Respondent filed a Response to the Petition on January 26, 2018 asserting, *inter alia*, that the Petition was time barred. (ECF No. 16.) Mr. Pollard filed a Reply in support of his Petition on February 12, 2018. (ECF No. 17.)

### III. Discussion

#### A. Relevant Law

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations for § 2254 petitions filed by a person in state custody. *See* 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), the limitations period runs from the latest of:

---

[4] The "prisoner mailbox rule" dictates that the filings of *pro* se prisoners are deemed filed on the date deposited in the prison mailbox or given to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Wall v. Kholi*, 562 U.S. 545, 550, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011); *see also Jenkins v. Supt. of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). Where a defendant fails to file post-sentence motions, his judgment becomes final thirty days from the date of sentencing. *See* 42 PA. CON. STAT. § 9545(b)(3); Pa. R. Crim. P. 720(A)(3).

The one-year AEDPA limitations period is subject to both statutory and equitable tolling. Statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending …" 28 U.S.C. § 2244(d)(2). "[A] petition is properly filed when 'its delivery and acceptance are in compliance with the applicable laws and rules governing filing.' A properly filed petition must be in the proper form, and be timely delivered to the proper court or office." *Satterfield v. Johnson*, 434 F.3d 185, 101-192 (3d Cir. 2006) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000)) (internal citations omitted); *see also Pace v. DiGuglielmo*, 544 U.S.

- 5 -

408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005) (where the state court rejects petitioner's PCRA petition as untimely, the petition "was not 'properly filed' and [petitioner is] not entitled to statutory tolling under § 2244(d)(2)"). A state post-conviction motion or other collateral review is "pending" from the date it is filed until the date the court rules on the petition as well as "the time during which an appeal could be filed even if the appeal is not eventually filed." *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000).

The limitations period may be subject to equitable tolling when the petitioner shows that he "has been pursuing his rights diligently," and yet "some extraordinary circumstance stood in his way and prevented timely filing" of his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). "However, courts need to be 'sparing in their use of' the doctrine," *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (quoting *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)), as it does not extend to a "garden variety claim of excusable neglect." *Schlueter v. Varner*, 384 F.3d 69, 83 (3d Cir. 2004) (citing *Irwin v. Dep't Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 96, 112 L.Ed.2d 435 (1990)).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653, 130 S.Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period the appellant is exhausting state court remedies as well." *Lacava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Jones v. Morton*, 195 F.3d 153, 160 (3d Cir. 1999)). "[T]he due diligence inquiry is fact-specific

and depends on the circumstances faced by the particular petitioner". *Munchinski v. Wilson*, 694 F.3d 308, 331 (3d Cir. 2012). The Third Circuit Court of Appeals has found extraordinary circumstances prevented a petitioner from pursuing his habeas claims when: (1) the respondent actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones,* 195 F.3d at 159; or (4) the court has mislead the petitioner regarding the steps that he needs to take to preserve a claim. See *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances are found, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

The Supreme Court has also recognized that a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of "a procedural bar … or … expiration of the statute of limitations" under the miscarriage of justice exception. See *McQuiggin v. Perkins*, 569 U.S. 383, 386, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013). But actual innocence claims are "rarely successful." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995). "[T]he fundamental miscarriage of justice exception applies only in cases of actual innocence." *Coleman v. Greene*, 845 F.3d 73, 77 (3d Cir. 2017) (citing *McQuiggin*, 569 U.S. at 386, 133 S.Ct. at 1928). "[A]ctual innocence requires a

showing of factual innocence, not mere legal insufficiency." *Swenger v. Chesney*, 294 F.3d 506, 523 (3d Cir. 2002). To prevail under this standard, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Schlup*, 513 U.S. at 327, 115 S.Ct. at 867. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316, 115 S.Ct. at 861.

### B. Mr. Pollard's Petition is Time-Barred

Based on the above, Mr. Pollard's judgment of sentence became "final" on Monday, June 24, 2013, when his time for filing a petition for allowance of appeal before the Pennsylvania Supreme Court expired.[5] Petitioner had one year from that date, or until Wednesday, June 24, 2014, to file a § 2254 petition. Mr. Pollard's instant habeas petition, filed April 24, 2017, exceeded the one-year filing limitation by 1035 days. Consequently, unless Mr. Pollard's petition is subject to statutory or equitable tolling, it is time-barred.

Three hundred twenty-five (325) days of the one-year limitations period passed before Mr. Pollard's timely filed his PCRA petition on May 15, 2014, which statutorily tolled the limitations period. On August 30, 2016, when the Pennsylvania Supreme Court denied his petition for allowance of appeal, the limitations clock started to tick down again. The remaining forty (40) days expired on Monday, October 10, 2016. Mr.

---

[5] Respondents incorrectly argue that Mr. Pollard's sentence became final on June 22, 2013. (ECF No. 16 at 6.) While this date is exactly thirty days after the Superior Court affirmed his conviction and sentence, June 22, 2013 fell on a Saturday. Accordingly, the appeal period was tolled until the next day that did not fall on a Saturday, Sunday, or legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C). Thus, Mr. Pollard's sentence became final on Monday, June 24, 2013.

- 8 -

Pollard, however, did not file his § 2254 petition until April 24, 2017, or 196 days later. His § 2254 petition is therefore untimely. Thus, the Court must determine whether Mr. Pollard's federal limitations period for filing his petition is subject to equitable tolling.

Mr. Pollard does not explain why 28 U.S.C. § 2244(d) does not bar his petition. *See* ECF No. 1 at 17 and ECF No. 17. While he acknowledges in his Reply that if his habeas petition is not timely filed he must "show that some factor external to the defense impeded hi[s] effort[s] to comply with the States Procedural Rules", he fails to advance any argument as to why he is entitled to statutory or equitable tolling of the limitations period. *See* ECF No. 17 at 5. To the extent Mr. Pollard may argue that his PCRA counsel did not timely notify him of the August 30, 2016 denial of his petition for allowance of appeal, thus impeding his ability to file a timely habeas petition, this argument is futile. According to the documents presented by Mr. Pollard, he learned of the denial of his petition for allowance of appeal on or about October 28, 2016. (*Id.* at 33.) Even if the Court were to consider the limitations period equitably tolled until that date, his habeas petition is still untimely as he did not file it prior to the expiration of the remaining forty (40) days, or Wednesday, December 7, 2016. Finally, the Court observes that Mr. Pollard advances no claim of actual innocence or the discovery of new evidence. See *McQuiggin*, 569 U.S. at 386, 133 S.Ct. at 1928. Equitable relief, then, cannot salvage his untimely habeas petition.

## IV. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). In the instant matter, jurists of reason would not find the disposition of Mr. Pollard's petition debatable. As such, the court will not issue a certificate of appealability in this case.

## V. Conclusion

For the reasons set forth above, the Court finds Mr. Pollard's petition is untimely and cannot be rendered timely by application of any period of statutory or equitable tolling of the limitations period. Accordingly, the Petition will be dismissed. A certificate of appealability will not issue.

An appropriate Order follows.

**Date: June 19, 2019**   /s/ A. Richard Caputo
    **A. RICHARD CAPUTO**
    **United States District Judge**